**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**DAVID ADAMS**                                                                                    **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO.:  1:18CV216-JMV**

**STATE OF MISSISSIPPI and
GOVERNOR PHIL BRYANT**                                                     **DEFENDANTS**

## ORDER OF DISMISSAL

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

David Adams, a Mississippi inmate, has filed a civil rights action pursuant to 42 U.S.C. § 1983

against the State of Mississippi, Governor Phil Bryant, Judge Barry Ford, District Attorney Jim

Pounds, Assistant District Attorney Arch Bullard, and the justices of the Mississippi Supreme

Court.  Having fully considered Adams' allegations and the applicable law, the Court finds this

action is frivolous and seeks relief against immune defendants.  Adams having consented to U.S.

Magistrate Judge jurisdiction in this case in accordance with 28 U.S.C. § 636(c), the undersigned

has the authority to enter this order and the accompanying final judgment.

### I
### Plaintiff's Allegations

Adams claims that he was arrested at his home on July 20, 1997, in Wheeler, Mississippi,

and was held without bond in the Prentiss County Police Department until November 20, 1997,

even though the charges against him were dismissed in September 1997.  Adams asserts that on

November 20, 1997, he was told that he was being sent to prison in Rankin County, Mississippi,

where he was housed until June 1998.  In June 1998, Adams contends, he was returned to the

Prentiss County courthouse to stand trial, even though he had no pending charges.  Adams states

that his attorney told him that his trial was postponed, and that he would be held at the Prentiss

County Police Department until trial.  Adams states that he was never informed of any charges pending against him.

Adams claims that in July 1998, he was indicted for a capital crime arising out of the same incident as the 1997 dismissed charges.[1]  He states that he went to trial on March 1, 1999 and was found guilty on March 3, 1999.  Adams maintains that he was sentenced as an habitual offender without a mandatory bifurcated trial.  He further contends that on March 5, 1999, he was returned to the Prentiss County courthouse where he was resentenced a second time by Judge Ford to the same charges and sentence.

Adams states that he has filed numerous post-conviction actions in the Mississippi Supreme Court, and that the court has refused to consider his claims.  Instead, he asserts, the court merely applies procedural and time bars to his claims of double jeopardy and illegal sentencing.  Aggrieved, he filed the instant complaint, asking this Court to award him monetary relief and enter an order securing his release from prison.

## II
## Screening Standards

Because Adams has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA").  *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).  Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2).  A claim is frivolous if it "lacks an

---

[1] Although Adams does not specifically identify his convictions and sentences in his complaint, documents he has filed in other actions indicate that he was convicted of capital rape, sexual battery, and fondling in 1999.  *See, e.g., Adams v. Bryant*, No. 1:18CV220-GHD-JMV (N.D. Miss.).

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.... A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

### III
### *Heck v. Humphrey*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a claim challenging the plaintiff's imprisonment under 42 U.S.C. § 1983 is not cognizable unless the plaintiff shows:

> that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of the outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted). The convictions Adams challenges here have not yet been invalidated, and he cannot obtain monetary damages related to those convictions in this action.

Accordingly, this Court must dismiss Adams' complaint with prejudice as frivolous to its being asserted again until the *Heck* conditions are met. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007) (quoting *Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language)).

## III
## Absence of Proper Defendant

### A.  Immune Defendants

Additionally, Judge Barry Ford and the justices of the Mississippi Supreme Court are entitled to be dismissed from this action, as each has absolute judicial immunity from suit for actions taken in a judicial capacity.  *See, e.g., Stump v. Sparkman*, 435 U.S. 349, 351-64 (1978). The actions complained of by Adams occurred while these defendants were performing judicial actions, and, therefore, they are immune from suit.  *See Forrester v. White*, 484 U.S. 519, 227 (1988) (noting "immunity is justified and defined by the *functions* it protects and serves, not by the person to whom it attaches") (emphasis in original).

Similarly, Adams cannot maintain suit against the prosecutors named in this action, as "a state prosecuting attorney who act[s] within the scope of his duties in initiating and pursuing a criminal prosecution" is not amenable to suit under § 1983.  *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (prosecutor immune from action alleging knowing use of perjured testimony, malicious prosecution, and conspiring with judge). Because prosecutors have absolute immunity for activities connected with judicial proceedings, Defendants Jim Pounds and Arch Bullard must be dismissed from this action.  *See, e.g., Imbler*, 424 U.S. at 431 (providing protection for prosecutor's conduct "in initiating a prosecution").

Next, the Court finds that Adams cannot assert a claim for damages against the State of Mississippi itself, as the Eleventh Amendment to the United States Constitution bars suits by

private citizens against states in federal courts unless the state has waived its immunity, or Congress has abrogated the state's sovereign immunity. U.S. Const. Amend XI; *Perez v. Region 20 Educ. Service Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Mississippi has not waived its sovereign immunity. *See* Miss. Code Ann. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

**B. Lack of Personal Involvement**

In a civil rights case, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S.Ct. at 1948; *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and must allege an affirmative link between the injury and the conduct of that defendant). Adams has not alleged that the Governor of Mississippi had any personal involvement in the events forming the basis of this lawsuit, and he must be dismissed as a defendant.

**IV**
**Futility of construing as habeas**

Despite finding that Adams cannot obtain monetary relief in this action, the Court otherwise considers whether the instant action should be construed as a habeas petition based on Adams' request for release from prison. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding claims that pursue "the very fact or duration of [the plaintiff's] physical imprisonment" and that seek an "immediate release or a speedier release" from confinement, must be pursued through habeas corpus). Adams has filed numerous unsuccessful federal habeas actions, and the Fifth Circuit has denied him permission to proceed on a successive petition. *See, e.g., Adams v. Bryant*, No. 1:18CV110-GHD-JMV (N.D. Miss.) (dismissing federal habeas petition for want of jurisdiction based on Fifth Circuit's express denial of authorization for Adams to file successive

petition).  Accordingly, Adams cannot currently pursue habeas relief in this Court, and it would be futile to open a habeas action with the instant complaint.

**V**

**<u>Conclusion</u>**

For the reasons set forth above, Adams' complaint is **DISMISSED WITH PREJUDICE** as frivolous and as seeking monetary relief against immune defendants, 28 U.S.C. § 1915(e)(2)(B), counting as a "strike" under 28 U.S.C. § 1915(g).  Adams' motion for the appointment of counsel [3] is **DISMISSED AS MOOT**.  A final judgment in accordance with this Order will be entered today.

**SO ORDERED** this 11th day of December, 2018.

s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**